# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000

| Direct Dial Number | E-mail Address |
|---|---|
| (212) 455-7358 | mgarvey@stblaw.com |

BY E-FILING     May 14, 2019

Re:   *Am. Home Assur. Co. v. Port Auth. of N.Y. & N.J.*, Index No. 651096/2012

The Honorable Joel M. Cohen
New York State Supreme Court
New York County Courthouse
60 Centre Street, Room 570
New York, NY 10007

Dear Justice Cohen:

Counsel for the parties respectfully submit this joint status letter in advance of the status conference scheduled for May 21, 2019.  The parties disagree as to the current status of the case as well as next steps in the litigation, and accordingly, their respective positions on the joint status letter items are set forth below.

## American Home's Position

**Case Summary:**  In this lawsuit, American Home seeks a declaration of the parties' rights and obligations under a 1968 Port Authority insurance policy (the "Policy") that covers construction-related personal injury claims against the Port Authority and its contractors ("Insureds") arising during the construction of the original WTC.  Under the Policy, "the total limit of [American Home's] liability for all damages because of personal injury and property damage caused by one occurrence shall be $10,000,000."  In the 1990s, the Insureds began tendering under the Policy claims by bystanders alleging illnesses caused by alleged exposure to asbestos-containing spray-on fireproofing and, in certain cases, other asbestos material used during the WTC construction ("WTC Asbestos Claims").  American Home has defended and settled all such claims under a reservation of rights.  To date, it has paid out over $31,000,000 in settlements on behalf of the Insureds.

The complaint seeks in the broadest possible terms a declaration that American Home has "no obligation, either in whole or in part, to defend or indemnify [the Insureds] against pending WTC Asbestos Claims."  In support, American Home contends that coverage has been exhausted under the $10,000,000 limit of liability, given that American Home has paid multiples of $10,000,000 to resolve WTC Asbestos Claims, the vast majority of which arise from one contractor's application of asbestos-containing spray-on fireproofing at the WTC over a compressed period of time ("WTC Fireproofing Claims").  Under *Appalachian Insurance Co. v. General Electric Co.,* 8 N.Y.3d 162 (2007): (1) in a mass tort scenario, if exposures share the requisite temporal and spatial proximity and a common causal nexus, claims must be grouped for purposes of satisfying the per-occurrence limit; and (2) New York rejects a "one-occurrence-per-injured-party" approach.

American Home moved for summary judgment that, under the *Appalachian* framework, all WTC Fireproofing Claims should be grouped as arising from one occurrence.  The Insureds cross-moved for summary judgment as to the inverse proposition, that all WTC Fireproofing Claims should not be grouped as arising from a single occurrence.  The Court's decision agreed with the Insureds.  The decision, however, did not address whether subsets of WTC Fireproofing Claims could or should be grouped as arising from a single occurrence for purposes of applying the Policy's limit of liability.

The First Department affirmed. But it also held that, contrary to this Court's prior ruling, American Home's obligation to fund defense costs in connection with any occurrence ceases once the applicable limit of liability is exhausted. And it affirmed this Court's decision that amounts paid by American Home in excess of any policy limit are subject to recoupment by American Home. *See Am. Home Assur. Co. v Port Auth. of N.Y. & N.J.*, 166 A.D.3d 464, 465–66 (1st Dep't Nov. 15, 2018).

As detailed in American Home's prior submissions (*E.g.*, Dkt. 1419), the focus of the litigation is now whether, under the *Appalachian* framework, there are subsets of WTC Asbestos Claims that should be grouped for purposes of satisfying the Policy's per occurrence limit of liability.

**Status of Discovery:** The parties completed document discovery, depositions and expert discovery prior to the Court's summary judgment ruling. As set forth below, additional expert discovery relating to allocation of prior claim payments may become necessary at a future date.

**Proposed Schedule:** On or before **May 28, 2019**, American Home will supplement prior contention interrogatory responses to account for the prior summary judgment decision and articulate American Home's contentions regarding how WTC Asbestos Claims should be grouped for purposes of applying the Policy's limit of liability.

On or before **July 1, 2019**, American Home will file a focused motion seeking a legal determination that certain subsets of WTC Asbestos Claims can be grouped for purposes of applying the Policy's limit of liability. Following a ruling, the parties can participate in mediation and, absent resolution, conduct limited expert discovery for purposes of allocating historical claims payments.

**Outstanding Motion:** While the Parties' cross-appeals from the prior summary judgment decision were pending, the Insureds filed a motion for "final judgment" contending the Court's summary judgment decision had actually disposed of all the issues in the case and therefore final judgment should be entered against American Home. American Home opposed because, among other reasons, the summary judgment decision manifestly did not resolve all issues in the case, including how the Policy's per occurrence limit of liability should be applied to WTC Asbestos Claims under the *Appalachian* framework. While the motion was pending, the First Department stayed all proceedings pending appeal. While the Insureds' motion remains pending, American Home submits the motion is stale, lacks merit and should be denied.

**ADR/Settlement Efforts**: There have not been alternative dispute resolution efforts or any settlement discussions. American Home is prepared to participate in non-binding mediation following resolution of the motion practice proposed above.

## Defendants' Position

**Summary of the Case/Status of Discovery.** The only issues left in this case, as set forth in Defendants' pending Motion for Final Judgment and Attorneys' Fees (Mot. Seq. No. 018) and in subsequent letters to the Court, are whether Defendants are entitled to final judgment and reasonable attorneys' fees. Justice Bransten resolved all other issues by her summary judgment rulings, which were affirmed on appeal.

For over 20 years, American Home provided insurance to Defendants for the WTC Asbestos Claims. Then, seven years ago, American Home filed this lawsuit, contending that: (1) it never has been obligated to provide coverage for these claims; and (2) even if it did have such an obligation, its Policy's limits were now exhausted. American Home's Complaint asserted two legal theories: (1) that for coverage to be triggered under its Policy, injury must have occurred during the policy period, and no such injuries

had, in fact, occurred; and (2) that the WTC Asbestos Claims (later narrowed to a subset of so-called "WTC Fireproofing Claims") arose out of a single occurrence for which the Policy's $10,000,000 per occurrence limit was exhausted.  *See* NYSCEF Doc No. 1297, at 1-6.

The parties spent years of fact and expert discovery predicated on these two theories.   *Id.* at 7-8.  *The only occurrence theory that American Home ever asserted was that the WTC Asbestos Claims were a single occurrence.*  Discovery closed, and American Home filed its Note of Issue on May 2, 2016.  *Id.* at 8.  The parties then filed four partial summary judgment motions that, taken together, addressed all issues in this case.  On November 28, 2017, Justice Bransten issued her Decision and Order on the motions.  She denied American Home's requests for declaratory judgment, ruling that its legal theories failed as a matter of law, and instead issued inverse declarations in Defendants' favor.  *Id.* at 8-11.  By Decision and Order dated November 15, 2018, the First Department affirmed these rulings.  On April 2, 2019, the First Department denied American Home's motion for reargument or, in the alternative, for leave to appeal.

Following Justice Bransten's Decision and Order, Defendants filed their Motion for Final Judgment and Attorneys' Fees.  American Home opposes, contending that it should be permitted to introduce new multiple-occurrence theories in support of its claim of exhaustion (or erosion) of the policy's per occurrence limit – theories it did not plead, assert, or even allude to at any time during the litigation until it lost on summary judgment.

New York law prohibits a litigant from asserting new legal and factual theories after the filing of the Note of Issue and in response to adverse summary judgment rulings.  American Home cannot offer any reason why it should be permitted a do-over of the case on legal theories it never raised before.  American Home points to Paragraph 34 of its Complaint as suggesting that it pleaded a multiple-occurrence theory from the outset.  But Paragraph 34 says nothing of the sort.  Paragraph 34 states:  "American Home seeks a declaration that . . . it has no obligation, either in whole or in part, to defend or indemnify [Defendants] against pending WTC Asbestos Claims."  This allegation plainly refers back to the coverage defense pleaded earlier in the Complaint based on a single-occurrence theory, not an alternative multiple-occurrence theory.  American Home also ignores that all discovery focused on its trigger and single-occurrence exhaustion theories.  Defendants would be severely prejudiced if forced to litigate new multiple-occurrence theories after American Home filed the Note of Issue.

The First Department's Decision and Order does not permit American Home to recast its single-occurrence theory.  The First Department affirmed Justice Bransten's rulings rejecting American Home's two legal theories.  The First Department's reversal of Justice Bransten's decision that American Home's duty to defend would survive exhaustion neither expressly nor implicitly permits American Home to assert a new multiple-occurrence exhaustion theory.  Likewise, the First Department's one-sentence affirmance of Justice Bransten's denial of Defendants' motion for summary judgment on American Home's recoupment claim included no ruling that American Home could attempt to prove exhaustion under a multiple-occurrence exhaustion theory.  Rather, American Home's recoupment claim is moot, as the only two pleaded coverage defenses upon which that claim is based have been rejected.  For these reasons, and as set forth in their motion and subsequent letters, Defendants respectfully request that the Court grant their Motion for Final Judgment and Attorneys' Fees.

**Pending Appeal/Motions.**  There are no pending appeals.  The only pending motion is Defendants' Motion for Final Judgment and Attorneys' Fees.

**ADR/Settlement.**  The parties have not attempted ADR or other settlement efforts, and it does not appear that this case is a proper candidate for ADR.

May 14, 2019                                           Simpson Thacher & Bartlett LLP

                                                                                                                                   The Honorable Joel M. Cohen

                               Respectfully,

                               */s/ Michael J. Garvey*

                               Michael J. Garvey

cc:       All Counsel of Record (*via NYSCEF*)